IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | |
|---|---|
| KEVIN J. BRYAN, | Case No. 1:21-cv-315 |
| Plaintiff, | District Judge Michael R. Barrett |
| vs. | Magistrate Judge Caroline H. Gentry |
| WILLIAM JEWELL, *et al.*, | |
| Defendants. | |

## DECISION AND ORDER

Plaintiff Kevin Bryan, an inmate in state custody who is proceeding without the assistance of counsel, filed this civil rights action under 42 U.S.C. § 1983 against Defendants William Jewell and Travis Wellman. By separate order, Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. After initial screening of the Complaint, the Court allowed Plaintiff's claims to proceed.

This matter is before the Court on Plaintiff's second Motion to Appoint Counsel (Doc. 27) and four Motions to Compel Discovery (Doc. 18, 19, 22 & 25).

### A. Plaintiff's Motion To Appoint Counsel

Plaintiff has filed a second Motion to Appoint Counsel (Doc. 27). This Motion is DENIED without prejudice to renewal if Plaintiff's claims survive summary judgment.

Although this Court has the statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (citation omitted). Rather, "[i]t

is a privilege that is justified only by exceptional circumstances." *Id*. at 606. This rule exists, in part, because Congress has not provided funds to compensate lawyers who agree to represent prisoners who file civil rights cases, and few lawyers are willing and able to absorb the costs of representing such plaintiffs on a voluntary basis.

The Court has evaluated whether exceptional circumstances exist in this case and has determined that the appointment of counsel is not warranted at this juncture. Plaintiff's claims are relatively straightforward, and no more complex than thousands of similar claims filed each year by *pro se* prisoners in the federal courts. Notwithstanding his poverty and incarceration, Plaintiff has adequately articulated his claims. At this juncture, this case does not present the type of exceptional circumstances that would justify the rare appointment of free counsel for a *pro se* civil litigant. *Lavado*, 992 F.2d at 605-06. However, because the Court makes every effort to appoint counsel in those cases that proceed to trial, the Court will deny Plaintiff's Motion to Appoint Counsel without prejudice to refiling if Plaintiff's claims survive summary judgment.

Accordingly, Plaintiff's Motion to Appoint Counsel (Doc. 27) is DENIED without prejudice to renewal.

B. **Plaintiff's Motions To Compel**

Plaintiff has filed four Motions to Compel (Doc. 18, 19, 22 & 25). For the reasons set forth below, the first three Motions to Compel are DENIED, and the fourth Motion to Compel is GRANTED.

In his first and second Motions to Compel (Doc. 18 & 19), Plaintiff requested an order compelling Defendants to answer his interrogatories. In response, Defendants

explained that their responses were delayed by the COVID-19 pandemic, represented that they served their answers to Plaintiff's interrogatories on February 28, 2022, and stated that there is nothing left to compel. (Doc. 21, PageID 108.) Plaintiff did not file a reply brief or otherwise challenge Defendants' factual representation. Accordingly, Plaintiff's first and second Motions to Compel (Doc. 18 & 19) are DENIED.

In his third Motion to Compel (Doc. 22), Plaintiff stated that he attempted to obtain video evidence from the Southern Ohio Correctional Facility (SOCF) but was told that a lawyer must request the footage. He asked the Court to issue a subpoena requiring SOCF to make certain video footage available for viewing. (Doc. 22, PageID 110.) In response, Defendants argued that the Court should deny the Motion because Plaintiff did not issue a formal discovery request. Defendants stated: "Should Plaintiff make a proper and timely request in accordance with the Federal Rules of Civil Procedure, Defendants will take the proper steps to have it made available for his viewing." (Doc. 23, PageID 112.) Because Plaintiff did not issue a discovery request prior to filing his third Motion to Compel (Doc. 22), it is DENIED.

Plaintiff promptly filed a First Request for Production of Documents that requested, among other things, video footage of the incident described in the Complaint.[1] (Doc. 24, PageID 114.) Several weeks later, Plaintiff filed his fourth Motion to Compel (Doc. 25). Plaintiff stated that Defendants had failed to respond to his First Request for

---

[1] Plaintiff is advised that it is generally improper to file discovery requests or responses with the Court. Fed. R. Civ. P. 5(d)(1)(A). Discovery requests or responses should only be filed if they are the subject of a motion, such as a motion to compel, or if they are otherwise used in the action (for example, to support or oppose a motion for summary judgment). Even in that circumstance, only those specific portions of discovery documents that are reasonably necessary to facilitate resolution of a motion should be submitted. S.D. Ohio Civ. R. 7.2(e).

3

Production of Documents, and requested a Court order compelling Defendants to respond. (Doc. 25, PageID 118.)

In their response, Defendants represented that approximately three weeks after Plaintiff filed his motion to compel, they responded to his document requests. They therefore argued that there is nothing left to compel. (Doc. 31, PageID 137.) However, in his subsequent request to amend the case schedule, **Plaintiff stated that Defendants' response to his First Request for Production of Documents "was missing the requested medical records."** (Doc. 32, PageID 139.) It does not appear, from this Court's review of the docket, that Defendants have responded to that representation.

Therefore, Plaintiff's fourth Motion to Compel (Doc. 25) is GRANTED. To the extent that they have not already done so, Defendants are ORDERED to produce the requested medical records within ten (10) days of the date of this Order. Defendants are further ORDERED to file a notice with this Court confirming when those medical records were provided to Plaintiff.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Motion to Appoint Counsel (Doc. 27) is DENIED without prejudice to renewal.

2. Plaintiff's first, second and third Motions to Compel (Doc. 18, 19 & 22) are DENIED.

3. Plaintiff's fourth Motion to Compel (Doc. 25) is GRANTED. To the extent that they have not already done so, Defendants are ORDERED to produce the requested medical records within ten (10) days of the date of this Order. Defendants are further ORDERED to file a notice with this Court confirming when those medical records were provided to Plaintiff.

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4.

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge